UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>I. Simpson, et al.,<br><br>　　　　　　Defendant(s). | 2:23-cv-02128-CDS-MDC<br><br>**ORDER GRANTING MOTION** |

　　　　Pending before the Court is *pro se* plaintiff Quiwaneca Spikes's *Motion to Amend Summons* (ECF No. 36). Plaintiff asserts that summons was improperly issued as to defendant Simpson. *ECF No. 36 at 1.* The summons was apparently made out to LVMPD and CCDC. Plaintiff states that Simpson "is or was an employee of NDOC." *Id.* Plaintiff requests that this error be corrected. The Court liberally construes plaintiff's motion to include a request for marshal service upon defendant Simpson. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'").

　　　　Plaintiff is currently incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). Because plaintiff is an incarcerated individual proceeding pro se, plaintiff is entitled to rely on the U.S. Marshal for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint by providing the "necessary information to help effectuate service"); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162, 1166 n.2 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) ("[Section] 1915(d) provides that when a plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'"). Therefore, the Court directs marshal service upon defendant Simpson[1].

---

[1] Plaintiff appears to assert that defendant Tito has been served at his last known address. However, if this is incorrect, plaintiff may move for marshal service upon defendant Tito.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend Summons* (ECF No. 36) is GRANTED.

2. The Clerk of Court is kindly directed send Plaintiff a copy for form USM-285.

3. Plaintiff shall have until **June 5, 2025**, to fill out the required USM-285 forms and send it to the U.S. Marshals Service, **333 Las Vegas Blvd. South, Suite 2058, Las Vegas NV 89101**. On the form, Plaintiff must fill in defendant's last-known address.

4. The Clerk of Court is kindly directed to issue summons for the defendant Simpson.

5. The Clerk of Court is kindly directed to serve a copy of this order, the issued summons, the operative complaint (ECF No. 20), and the screening order (ECF No. 23) on the U.S. Marshals Service.

6. Upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

7. Within **20 days** after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

8. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

DATED this 16th day of May 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.