UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br><br>             Plaintiff(s),<br><br>vs.<br><br>I. Simpson, et al.,<br><br>             Defendant(s). | 2:23-cv-02128-CDS-MDC<br><br>ORDER |

Pending before the Court is plaintiff's *Motion for Summons* (ECF No. 41). For the reasons stated below, the Court grants in part and denies in part the motion without prejudice.

## DISCUSSION

### I. BACKGROUND

Plaintiff previously asserted that summons was improperly issued as to defendant Simpson. *ECF No. 36 at 1*. The summons was apparently made out to LVMPD and CCDC. Plaintiff stated that Simpson "is or was an employee of NDOC." *Id.* Plaintiff requested that this error be corrected. The Court liberally construed plaintiff's motion to include a request for marshal service upon defendant Simpson. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). The Court granted plaintiff's *Motion for Corrected Summons* (ECF No. 36) and ordered marshal service on defendant "I. Simpson." *ECF No. 37*). Plaintiff has filed another *Motion for Summons* on defendant I. Simpson (ECF No. 41) which the Court again construes as a motion seeking service.

### II. LEGAL STANDARD

Plaintiff is currently incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). Because plaintiff is an incarcerated individual proceeding pro se, plaintiff is entitled to rely on the U.S. Marshal for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

service of the summons and complaint by providing the "necessary information to help effectuate service"); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162, 1166 n.2 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) ("[Section] 1915(d) provides that when a plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'").

**III. ANALYSIS**

Plaintiff seeks summons and service on defendant "I. Simpson." *ECF No. 41.* The previously summons were allegedly made out to Las Vegas Metro Police Department ("LVMPD") and Clark County Detention Center ("CCDC"). LVMPD filed a *Notice* (ECF No. 34), advising the Court that there is no employee by the name of "I. Simpson" at either LVMPD or CCDC. LVMPD asserted that transfer is handled by Nevada Department of Corrections ("NDOC"). The Court ordered summons and service and provided plaintiff with copies of the USM-285 forms. *ECF No. 37.* The summons was returned unexecuted because it appears the defendant "I. Simpson" may have been an employee of NDOC but is no longer employed at NDOC. *ECF No. 41 at 6.*

Plaintiff seeks to serve defendant "I. Simpson" through the Office of the Attorney General. However, the Court cannot grant such relief without the appropriate *Notice of Acceptance of Service.* To the extent plaintiff seeks to an Order directing the Office of the Attorney General to accept service, it cannot do so. The Court "cannot order the Attorney General's Office to accept service for a defendant who is no longer employed by the Nevada Department of Corrections and who has not consented to representation by the Office of the Attorney General." *See Hernandez v. Russel*, 2022 U.S. Dist. LEXIS 184785, at *4 (D. Nev. Jan. 10, 2022). Therefore, the Court denies plaintiff request to that extent.

However, the Court recognizes the difficulties and obstacles an incarcerated pro se plaintiff faces regarding service. Therefore, the Court directs the Office of the Attorney General to investigate the whereabouts of the defendant "I. Simpson" and file either the last known address for that defendant **under seal** or a *Notice of Acceptance of Service.*

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Summons* (ECF No. 41) is GRANTED in part and DENIED in part WITHOUT PREJUDICE:

    a. The motion is granted to the extent plaintiff seeks marshal service upon defendant Simpson.

    b. The motion is denied to the extent plaintiff seeks an order directing the Office of the Attorney General to accept service on defendant Simpson.

2. The Office of the Attorney General must investigate the whereabouts of the unserved defendant I. Simpson and file, **under SEAL**, by **July 25, 2025,** a report that states:

    a. Whether the Office of the Attorney General was able to reach defendant Simpson;

    b. Whether the Simpson is willing to waive service; and

    c. What addresses the Simpson can be served at if they do not agree to waive service.

    d. In the alternative, the Office of the Attorney General may submit a Notice of Acceptance of Service if defendant Simpson agrees to representation.

3. The Clerk of Court is directed to send copies of the Office of the Attorney General's **SEALED report** to the U.S. Marshals, for the purposes of determining if service is necessary and where the defendant can be served.

4. The Clerk of Court is directed to reissue summons for defendant Simpson. Defendant Simpson's address must remain **SEALED**. The Clerk will also send sufficient copies of the Complaint (ECF No. 20), the Screening Order (ECF No. 23), the reissued summons, and this Order to the U.S. Marshal for service on defendant.

5. The Clerk of Court is directed to send to plaintiff sufficient USM-285 forms.

6. Plaintiff MUST fill out and return new USM-285 forms for defendant Simpson. Plaintiff has until **August 15, 2025,** to furnish to the U.S. Marshal the required USM-285 form with any relevant information as to defendant Simpson.

7. Within 20 days after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

DATED this 25th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.