UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br><br>       Plaintiff(s),<br><br>vs.<br><br>I. Simpson, et al.,<br><br>       Defendant(s). | 2:23-cv-02128-CDS-MDC<br><br>**ORDER GRANTING MOTION** |

Pending before the Court is *pro se* plaintiff Quiwaneca Spikes's *Motion for Relief* (ECF No. 48)("Motion"). Plaintiff seeks multiple forms of relief and was filed in violation of Local Rule IC 2-2(b). That rule requires plaintiff to file a separate motion for each separate form or relief requested. Local Rule IC 2-2(b) states, in relevant part: "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document Plaintiff cannot file omnibus motions." *Id.* This time, the Court will address plaintiff's Motion but cautions plaintiff that she must comply with Local Rule IC 2-2(b) in the future.

Among other things, plaintiff's motion seeks default against defendant Alberto V. Buencamino ("Tito") for failing to answer. *Id.* However, plaintiff's motion is premature. Federal Rule of Civil Procedure 55 governs default and default judgment. Rule 55 requires a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 requires a two-step process). The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment. See Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Plaintiff failed to seek an entry of default before moving for default judgment, thus her motion can be denied on that basis alone.

However, to the extent plaintiff is seeking an entry of default, that too is improper. An entry of default is only appropriate when a defendant "has failed to plead or otherwise defend…" Fed. R. Civ. P.

55(a). While defendant "Tito" may have failed to answer, a review of the docket shows that defendant "Tito" may not have been served. When the Court initially granted plaintiff's motion to serve defendant Simpson, it noted that plaintiff asserted defendant Tito had been served. *See ECF No. 37.* However, the Court also stated that to the extent that defendant had not been served, plaintiff may move for marshal service upon defendant Tito. *Id.* Plaintiff did not do so. Having received and reviewed plaintiff's Motion (ECF No. 48), the Court finds that default is inappropriate because defendant Tito was never properly served. *See ECF No. 32* (not accepting service on any of the named defendants). Therefore, the Court liberally construes the document as a notice and motion to serve defendant Tito. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'"). The Court also notes that the Office of the Attorney General ("OAG") complied with its prior order to either file a *Notice of Acceptance of Service* or defendant Simpson's last known address under seal. *See ECF Nos. 43, 45, 46.* Upon reviewing the notice, it appears that the OAG is not accepting service on behalf of defendant Simpson. *See ECF Nos. 45, 46.*

Plaintiff is currently incarcerated at Florence McClure Women's Correctional Center ("FMWCC"). Because plaintiff is an incarcerated individual proceeding pro se, plaintiff is entitled to rely on the U.S. Marshal for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint by providing the "necessary information to help effectuate service"); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162, 1166 n.2 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) ("[Section] 1915(d) provides that when a plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'"). Therefore, the Court directs marshal service upon defendants Simpson and Tito.

//

//

//

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion for Relief* (ECF No. 48) is GRANTED in part and DENIED in part.

    a. The Motion is DENIED to the extent it seeks default and/or default judgment against defendant Tito.

    b. The Motion is GRANTED to the extent plaintiff seeks marshal service on defendant Tito.

2. The Clerk of Court is kindly directed send Plaintiff two copies of form USM-285.

3. Plaintiff shall have until **August 18, 2025**, to fill out the required USM-285 forms and send it to the U.S. Marshals Service, **333 Las Vegas Blvd. South, Suite 2058, Las Vegas NV 89101**. On the form, Plaintiff must fill in defendants' last-known address.

4. The Clerk of Court is kindly directed to issue summons for the defendants Simpson and Tito and deliver the same, to the U.S. Marshal with the address provided **under seal** (see ECF Nos. 33, 46).

5. The Clerk of Court is kindly directed to serve sufficient copies of this order, the issued summons, the operative complaint (ECF No. 20), and the screening order (ECF No. 23) on the U.S. Marshals Service.

6. Upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendants.

7. Within **20 days** after plaintiff receives copy of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant was served.

//

//

//

//

8. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

DATED this 28th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.