UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br><br>           Plaintiff<br><br>v.<br><br>I. Simpson, et al.,<br><br>           Defendants | Case No. 2:23-cv-02128-CDS-MDC<br><br>**Order Denying Plaintiff's<br>Motion for Reconsideration, Denying<br>Appeal of Magistrate Judge's Order, and<br>Granting LVMPD's Motion for<br>Clarification**<br><br>[ECF Nos. 28, 29, 31, 57] |

      This is a civil-rights action brought by pro se plaintiff Quiwaneca Spikes. In screening Spikes's second amended complaint, I allowed her Eighth Amendment excessive force claim to proceed against Officer I. Simpson and her First Amendment retaliation claim to proceed against Officer Bynun. Order, ECF No. 18. In that same order, I dismissed Spikes's Eighth Amendment medical indifference claim and her Fourteenth Amendment Due Process Clause claim with leave to amend. *Id.* I did not permit Spikes to add new claims and I cautioned that if Spikes chose to file an amended complaint, that pleading "must be complete in itself" and "must contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit." *Id.* at 9. Spikes timely filed a third amended complaint (TAC), which was also screened under 28 U.S.C. § 1915A. ECF No. 20; ECF No. 23. Based on the allegations contained in the TAC, I dismissed without prejudice defendants William Ruebart, Officers King, Wells, and Bynun, and John Doe Transporter. ECF No. 23 at 9. Spikes now moves for reconsideration of those dismissals; however, because Spikes fails to show that reconsideration of my order is warranted, her motion is denied. Spikes also appeals United States Magistrate Judge Maximiliano D. Couvillier's order denying her motion for appointment of counsel.[1] Order, ECF No. 28. Obj., ECF No. 31. Because I

---

[1] The magistrate judge's at-issue ruling is an order on a motion, not a recommendation, and thus must be appealed. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) with LR IB 3-2(b). Although properly filed as an objection, it is an appeal, therefore I apply the clearly erroneous standard of review.

agree that Spikes failed to demonstrate that exceptional circumstances exist to warrant appointing counsel—or to demonstrate that her circumstances have changed—Judge Couvillier's order is affirmed. Last, specially appearing defendant Las Vegas Metropolitan Police Department ("LVMPD") seeks clarification on its participation in this action. Mot., ECF No. 57.

## I. Legal Standard

### A. Motion for reconsideration

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration and set forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). This district's local rules regarding civil cases require that any motion for reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." Local Rule 59-1(a).

### B. Appeal of magistrate judge's order

Magistrate judges may hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections and "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." Local Rule IB 3-1(a);

Fed. R. Civ. P. 72(a). A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge (such as the denial of a motion for counsel) "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake has been committed" or a relevant statute, law, or rule has been omitted or misapplied. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

## II. Discussion

### A. Motion for reconsideration

Spikes seeks reconsideration of the dismissal of Bynun, John Doe Transporter NDOC Officer, King, Wells, and Ruebart. ECF No. 28 at 4. Although the Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally," *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987), Spikes does not proffer any newly discovered evidence, demonstrate that I committed clear error, or show that there was an intervening change in the controlling law that would warrant reconsideration of my prior decision. Instead, Spikes asserts that, at the time she drafted the TAC, she had no glasses, misread my instructions, and had difficulty staying focused due to the "smoke infested building filled with meth and [fentanyl]." ECF No. 28 at 1–2. Spikes attaches what the court construes a proposed fourth amended complaint to the motion. *See id.* at 7–18. Although the court is sympathetic to Spikes's circumstances, I find that further leave to amend is not warranted here. She has had three attempts to allege facts sufficient to show what each defendant did to violate her civil rights. *Fid.*

*Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend [her] complaint."). For these reasons, Spikes fails to demonstrate she is entitled to the extraordinary remedy of reconsideration, as she has failed to show that the court committed clear error, that there has been an intervening change in law, or that there is newly discovered evidence. So her motion for reconsideration is denied.

### B. Appeal of magistrate judge's order

In April 2025, Spikes filed a motion asking the court to appoint an attorney to represent her. Mot., ECF No. 24. Judge Couvillier denied that request, reasoning that Spikes has not established that exceptional circumstances exist to warrant appointment of counsel in her civil case, nor has she shown that there is a likelihood of success on the merits. Order, ECF No. 29 at 2. Spikes appeals Judge Couvillier's denial of counsel, arguing that her case requires investigation and an expert, and it has "a lot of merits."[2] Obj., ECF No. 31.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

---

[2] Spikes also asserts that her case is not assigned to Judge Couvillier. ECF No. 31 at 1. However, under the Federal Magistrate Act, 28 U.S.C. § 636, specific matters—such as, non-dispositive pretrial motions—may be referred to a magistrate judge for decision. *Id.* at § 636(b)(1)(A). The Local Rules for the District of Nevada authorize each United States magistrate judge in this district to "[e]xercise all powers and duties conferred or imposed by 28 U.S.C. § 636(a)." LR IB 1-1(a). In civil cases, the assigned magistrate judge, here being Judge Couvillier, is responsible for deciding non-dispositive motions (such as motions for appointment of counsel).

Spikes argues that the magistrate judge erred by denying her appointed counsel because "[t]his case requires investigation that [she] will not be able to do because of [her] imprisonment," and "courts should make every attempt to obtain counsel." ECF No. 31 at 1–2. Spikes cites cases, without any meaningful analysis, to support these arguments from the Third and Seventh Circuits, including: *Montgomery v. Pinchak*, 294 F.3d 492, 494 (3d Cir. 2002), *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997), and *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014).

As the Court explained in *Parham*:

> While all of the circuits agree that appointment of counsel is discretionary, not all of the circuits agree when counsel should be appointed. Several circuits have held that counsel can be appointed only in "exceptional circumstances," but the Second, Third, Seventh, and Eighth Circuits have chosen not to read such a requirement into the statute.

126 F.3d at 457. The Ninth Circuit is one that has held that, in civil litigation, appointment is appropriate only when "exceptional circumstances" are presented. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A review of Spikes's motion reveals that she filed what appears to be a stock motion for appointment of counsel which does not explain why her circumstances are extraordinarily such that an appointment of counsel is warranted. *See generally* ECF No. 24. Therefore, Judge Couvillier correctly found that appointment of counsel was not warranted here. The issues Spikes raises in her objection are commonly experienced by prisoners prosecuting claims and do not constitute exceptional circumstances. Further, Spikes does not argue that she has a diminished ability to articulate her claims, that the case presents complicated medical matters, or that the matters possibly at issue in this lawsuit are particularly complex. And, without prejudging the outcome, it is unclear whether Spikes will prevail on the merits of her claims. Spikes's appeal is insufficient to overturn the magistrate judge's decision. Further, my review of the April 9, 2025 order does not reveal it is clearly erroneous nor contrary to law. In the absence of either, Spike's appeal must be denied.

### C. LVMPD's motion for clarification

In screening Spikes's third amended complaint, I allowed the Eighth Amendment excessive-force claim against defendant Simpson to proceed. Order, ECF No. 23 at 7. In that complaint, Spikes seemingly identified Simpson as a Clark County Detention Center (CCDC) employee; however, on May 1, 2025, Spikes filed a motion to amend the summons because "Simpson is or was an employee of the NDOC [Nevada Department of Corrections,] certainly not LVMPD [or] CCDC." ECF No. 36. Judge Couvillier granted Spikes's request to amend, and a new summons issued for Simpson. ECF No. 37; ECF No. 38. Because it was established that Simpson was an NDOC employee, LVMPD now seeks clarification on whether it must remain a named party in this lawsuit. ECF No. 57. It asserts that LVMPD conducted a search of its corrections officer personnel and determined that it did not employ an individual named Simpson. *Id.* at 3. It further states that the Office of the Nevada Attorney General has provided Simpson's last known address. *Id.* It therefore concludes that LVMPD should be officially dismissed from this lawsuit to the extent necessary. *Id.* at 4.

Although LVMPD cites Nevada case law and the Nevada Rules of Civil Procedure in support of its motion, there is no specific Federal Rule of Civil Procedure, which governs here, regarding motions for clarification. According to case law, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018) (citation omitted). "However, such motions are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations." *Walker v. Wolf*, 2024 U.S. Dist. LEXIS 74873, *4 (D. Idaho Apr. 23, 2024) (citation omitted). Here, LVMPD seeking clarification of its involvement at this juncture is reasonable. Given Spikes's indication that Simpson is or was employed by NDOC at the time of the incident, and that the Office of the Nevada Attorney General has acknowledged Simpson was an employee, I agree that LVMPD's participation in this suit is no longer necessary. Accordingly, it is dismissed from this action.

6

III.     Conclusion

IT IS HEREBY ORDERED that Spikes's motion for reconsideration **[ECF No. 28] is DENIED**.

IT IS FURTHER ORDERED that Spike's objection/appeal **[ECF No. 31] is DENIED**, therefore the magistrate judge's order **[ECF No. 29] is affirmed and adopted**.

IT IS FURTHER ORDERED that LVMPD's motion for clarification **[ECF No. 57] is GRANTED**. The Las Vegas Metropolitan Police Department is dismissed.

Dated:  August 19, 2025

_____
Cristina D. Silva
United States District Judge