UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br><br>          Plaintiff,<br><br>vs.<br><br><br>I. Simpson,<br><br>          Defendant(s). | Case No.: 2:23-cv-02128-CDS-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INVESTIGATE (ECF No. 54) AND DENYING MOTION TO ACCEPT EXECUTION (ECF No. 55)** |

Pending before the Court are *pro se* plaintiff's "*Motion to Investigate*" (ECF No. 54) ("Investigation Motion") and "*Motion to Accept Execution*" (ECF No. 55) ("Acceptance Motion") (collectively "the Motions"). The Court in part GRANTS and in part DENIES without prejudice the *Motion to Investigate* (ECF No. 54) and DENIES the *Motion to Accept Execution* (ECF No. 55) as moot.

**I.   BACKGROUND**

Plaintiff filed her original Complaint on December 26, 2023, alleging constitutional claims under Section 1983. *See generally ECF No. 1-1*. After three amendments to the complaint, a Screening Order allowed two claims to proceed, (1) An Eighth Amendment excessive force claim against defendant Simpson, and (2) an Eighth Amendment medical indifference claim against defendant Tito. *See generally ECF No. 23*. The Court Clerk was directed to issue summons for defendants Simpson and Tito.[1] *ECF No. 49*. Summonses were issued for both defendants, with a return executed for defendant Tito but not executed for defendant Simpson. *ECF No. 50*, *51*, *52*.

---

[1] As explained in the Court's ECF No. 43 Order, several summonses were attempted to defendant Simpson. Summons to the Las Vegas Metro Police Department ("LVMPD") and Clark County Detention Center ("CCDC") failed because there was no employee called "I. Simpson" at the workplaces, and is no longer employed with the Nevada Department of Corrections. *ECF No. 43* at 2.

1    In the Investigation Motion, plaintiff moves for this Court to "investigate" defendant Simpson's
2    "[t]rue address" so that service may be accomplished. *ECF No. 54* at 1; *see also ECF No. 52*. In the
3    alternative, plaintiff moves to amend her complaint to replace Defendant Simpson with Warden William
4    Ruebart and Director James Dzurenda. *ECF No. 54* at 2. Defendant Tito filed a response to the *Motion*
5    *to Investigate*, opposing both of plaintiff's requests. *See generally ECF No. 56*.

6    In the Acceptance Motion, plaintiff effectively asks to file the executed summons as evidence of
7    service upon defendant Tito. *ECF No. 55* at 1. Plaintiff attached the documents and receipt of the
8    executed summons on Defendant Tito. *Id.* at 1-2.

9    **II.     LEGAL STANDARD**

10   Plaintiff is currently incarcerated at Florence McClure Women's Correctional Center
11   ("FMWCC"). Because plaintiff is an incarcerated individual proceeding pro se, plaintiff is entitled to
12   rely on the U.S. Marshal for service. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (an
13   incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for
14   service of the summons and complaint by providing the "necessary information to help effectuate
15   service"); *see also* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Chavez v. Robinson*, 817 F.3d 1162,
16   1166 n.2 (9th Cir. 2016), *as amended on reh'g* (Apr. 15, 2016) ("[Section] 1915(d) provides that when a
17   plaintiff is proceeding IFP, 'the officers of the court shall issue and serve all process.'").

18   As previously done, the Court can order the Office of the Attorney General ("the Office") to
19   investigate the whereabouts of a defendant who works or formerly worked for the State of Nevada. *See*
20   *ECF No. 43*; *see also Hernandez v. Russell*, No. 3:20-cv-00114-MMD-WGC, *ECF No. 36* (ordering the
21   Office to find information and "advise the court" about whether it can find an alternative address to send
22   summons to a defendant, as defendant was not found in the first address provided by the Office).
23   //
24   //
25

## II. THE MOTION TO INVESTIGATE

The Court construes plaintiff's Investigation Motion as requesting this Court to have the Office of the Attorney General ("the Office") further investigate the current whereabouts of defendant Simpson. *See ECF No. 54*; *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (stating that courts have an obligation to give a liberal construction to the filings of *pro se* litigants, especially when civil rights claims by inmates are involved). The Court GRANTS this part of the Investigation Motion. *See ECF No. 43* at 2 (stating that the Court "recognizes the difficulties and obstacles an incarcerated pro se plaintiff faces"). The Court has previously ordered the Office to investigate the whereabouts of defendant Simpson. *See ECF No. 43*. However, when summons was attempted, defendant Simpson was not found in the Office's provided address (ECF No. 46) under seal. *See ECF No. 52*. Therefore, the Office needs to conduct further investigation to ascertain other possible addresses for defendant Simpson which maybe within the Officer's records.

The Court rejects the Defendant Tito's argument that the Investigation Motion should be denied because plaintiff failed to comply with LR 7-2(d). *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Plaintiff is incarcerated and proceeding *in forma pauperis*. Given plaintiff's status, the Court liberally construes her motion to be sufficiently supported. *See ECF No. 54*; *see also Blaisdell*, 729 F.3d at 1241 (stating that *pro se* prisoner plaintiff filings will be liberally construed); *Manning v. Masters*, No. 2:11–cv–00896–KJD–CWH, 2012 WL 1431359, at *1 n. 1 (D. Nev. April 25, 2012) (denying defendants argument to dismiss plaintiff's motion because it did not comply with LR 7-2(d) when plaintiff is *pro se*, proceeding *in forma pauperis*, and "sets forth enough to enable the Court and opposing counsel to adequately address the requested relief."). Therefore, Office shall investigate and advise the Court within **twenty-one (21) days** from the date of this order if the address provided under seal in ECF No. 46 accurately represents the Office's last known location of defendant Simpson. Within that same 21-

day period from the date of this Order, the Office shall also notify the Court if it is aware of an alternative work or residential addresses for defendant Simpson. *See* Hernandez, ECF *No. 36*.

The Court denies without prejudice the Investigation Motion to the extent that plaintiff requests to amend the complaint to replace defendant Simpson with Warden William Ruebart and Director James Dzurenda. Plaintiff seeks such relief if the Court denied further investigation into Defendant Simpson's address, but the Court, as stated above, granted that part of the Investigation Motion. *See ECF No. 54*.

### III.   THE MOTION TO ACCEPT SERVICE

The Court construes *plaintiff's* Acceptance Motion as a response to the Court's Order on 07/28/25 (ECF No. 49). The Court, however, denies the Acceptance Motion as moot because the executed summons for defendant Alberto Tito Buencamino was already filed on 08/05/25. *ECF No. 51*.

### IV.   CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the Investigation Motion and denies as moot the Acceptance Motion.

//
//
//
//
//
//
//
//
//
//
//

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Investigate* (**ECF No. 54**) is **GRANTED in part** regarding the Office conducting further investigation as to the current whereabouts of defendant Simpson. The Office shall investigate and advise the Court on the following matters within 21 days from the date of this order:

    (A) if the address provided under seal in ECF No. 46 accurately represents the Office's last known location of defendant Simpson;

    (B) if the Office has any alternative work or residential addresses for defendant Simpson.

2. The *Motion to Investigate* is **DENIED in part and without prejudice** regarding amending the complaint to replace defendant Simpson with Warden William Ruebart and Director James Dzurenda.

3. The *Motion to Accept Execution* (**ECF No. 55**) is **DENIED as moot**.

DATED: September 17, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.