UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Quiwaneca Spikes,

        Plaintiff

v.

I. Simpson, et al.,

        Defendants

Case No. 2:23-cv-02128-CDS-MDC

**Order Denying Plaintiff's Appeal of the Magistrate Judge's Order, Granting Unopposed Motions to Stay, and Denying as Moot Motion to Proceed**

[ECF Nos. 65, 67, 72, 75]

      Pro se plaintiff Quiwaneca Spikes, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), seeks relief under 42 U.S.C. § 1983 for alleged civil rights abuses she experienced during transportation to the correctional center. Now, Spikes appeals United States Magistrate Judge Maximiliano D. Couvillier's order denying her request to replace defendant Ivonna Simpson with Warden William Ruebart and Director James Dzurenda.[1] Order, ECF No. 69; Obj., ECF No. 72. Additionally, Spikes moves to stay the proceedings so that she may retain legal counsel. Mots to stay., ECF Nos. 65, 67. She also seeks to "proceed against I. Simpson through the [Attorney] General." Mot., ECF No. 75. Spikes's unopposed motions to stay are granted, and the motion to proceed is denied as moot. Because I find no error in the magistrate judge's findings, Spikes's appeal is denied.

**I.    Spikes's appeal of the magistrate judge's order**

      The U.S. Marshal attempted to serve Simpson in August 2025; however, the summons was returned unexecuted. Return, ECF No. 52. For this reason, Spikes asked the court to investigate and find Simpson's current address, or, in the alternative, to serve NDOC Warden

---

[1] The magistrate judge's at-issue ruling is an order on a motion, not a recommendation, and thus must be appealed. This distinction matters because magistrate judges' orders are subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). Although properly filed as an objection, it is an appeal, so I apply the clearly erroneous standard of review.

William Ruebart and Director James Dzurenda in Simspon's place. Mot., ECF No. 54. Judge Couvillier granted in part and denied in part Spikes's request. Order, ECF No. 69. He ordered the Office of the Attorney General ("OAG") to conduct further investigatory efforts to find Simpson's address but denied Spikes's request to serve the warden and director in Simpson's place.[2] *Id.* at 3–4. Spikes appeals the magistrate judge's decision denying her request to serve Ruebart and Dzurenda. Obj., 72.

### A. Legal standard

"A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections. Local Rule IB 3-1(a); Fed. R. Civ. P. 72(a). "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

### B. Discussion

Simpson is no longer employed by NDOC. ECF No. 45; ECF No. 69 at 1 n.1. Therefore, for purpose of effectuating service, the OAG submitted Simpson's last known address. ECF No. 46 (sealed). The U.S. Marshal attempted to serve Simpson but was unable to due to an "incorrect address." ECF No. 52. Spikes then filed a "motion to investigate" asking the court to find Simpson's current address, or, in the alternative, to serve NDOC's warden and director in Simpson's place since "they are responsible for her action[s]." ECF No. 54 at 2. Spikes argues

---

[2] Judge Couvillier construed Spikes's alternative request as a motion to amend the complaint to replace Simpson with Warden William Ruebart and Director James Dzurenda. ECF No. 69 at 4. This does not alter my analysis of Spikes's appeal.

2

that they are "legally responsible" for the employees at each institution. *Id.* I find that the magistrate judge did not err when he denied Spikes's alternative request to serve Ruebart and Dzurenda.[3] The court cannot direct service of a complaint on individuals not actually named in the complaint. Consequently, Spikes's appeal is denied, and Judge Couvillier's order is affirmed.

## II. Spikes's motions to stay

Spikes also moves to stay this matter until she is released from custody. ECF Nos. 65, 67. Spikes explains that incarceration limits her ability to investigate and litigate her claims. ECF No. 67 at 3. Spikes therefore seeks to stay this case until she is released from custody so that she may hire an attorney. *Id.* Spikes anticipates her sentence will expire in March or May of 2026. *Id.* at 4. Defendant Alberto Tito Buencamino filed a notice of non-opposition. ECF No. 66.

### A. Legal standard

In determining whether to stay a civil proceeding, a district court should consider: (1) the interest of the plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989).

### B. Discussion

First, I consider Spikes's interest in proceeding expeditiously and the risk of prejudice from the stay. Although civil plaintiffs have an interest in having a case resolved quickly, Spikes is the party moving for a stay, and there is no risk of prejudice. Further, Spikes asserts that her interests would be better served by a stay, as she would have time to retain counsel. *See generally* ECF Nos. 65, 67. This factor therefore weighs in favor of granting a stay.

---

[3] "Otherwise may her hiring official be served in her place. . . ." ECF No. 54 at 2.

3

Second, I examine the burden on the defendants. As noted, Simpson is not served and thus has not made an appearance in this action. Because Buencamino is not opposed, he identifies no burden that he will suffer by granting a stay. Therefore, I find no indication a stay poses any risk of prejudice at this stage in the litigation. Accordingly, this factor slightly favors a stay.

Third, the court's own interests and managing its docket, weighs against granting a stay. "To be sure, expeditious resolution of cases is, as a general matter, preferable to delay of the Court's docket." *S.E.C. v. Alexander*, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010). Here, the court has an interest in efficiently managing its civil docket, and a complete stay of this case would directly impact this goal. However, the court is mindful that staying this proceeding will conserve judicial resources. Given Spikes' anticipated release date, the stay is not so lengthy as to warrant denial.

Finally, the fourth and fifth factors consider the interests of non-parties and the public who may be affected by the outcome of this litigation. Neither party asserts a public interest in the outcome of this case, nor does either party identify a third party who may be affected by the outcome. Accordingly, this factor is neutral.

In sum, Spikes maintains that a stay would further her interests and aid her in prosecuting this case in the future. Buencamino does not identify any burdens he would face and indeed does not oppose a stay. Simpson has not appeared, and further investigation is needed to locate her whereabouts. Under these circumstances, the court's own interest in efficiency does not tip the balance against a stay. Accordingly, Spikes's motions to stay are granted, and therefore, the motion to proceed is denied as moot.

### III.  Conclusion

IT IS HEREBY ORDERED that Spikes's appeal of the magistrate judge's order **[ECF No. 72] is denied**, therefore Judge Couvillier's September 17, 2025 order **[ECF No. 69] is affirmed**.

IT IS FURTHER ORDERED that Spikes's motions to stay **[ECF No. 65, 67] are granted**, and Spikes's motion to proceed **[ECF No. 75] is denied as moot**.

Accordingly, this matter is stayed, and all pending deadlines are vacated. Spikes **must** file a status report addressing her efforts to retain counsel—or counsel **must** file a notice of appearance—**within 45 days of her release from custody**.

If Spikes fails to submit a status report, and no notice of appearance is filed on her behalf, as ordered, this case will be subject to dismissal without prejudice.

Dated: November 12, 2025

_____
Cristina D. Silva
United States District Judge