UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Quiwaneca Spikes,<br>Plaintiff<br>v.<br>I. Simpson, et al.,<br>Defendants | Case No. 2:23-cv-02128-CDS-MDC<br>**Order Denying Plaintiff's Motion to Extend Stay and Denying Plaintiff's Motion to Hold in Abeyance, and an Order Lifting Stay and Requiring Service on Unserved Defendant**<br>[ECF Nos. 82, 86] |

On November 12, 2025, the court addressed Spikes's motions and granted a temporary stay. Order, ECF No. 77. Therein, the court ordered Spikes to file a status report addressing her efforts to retain counsel, or directed counsel to file a notice of appearance within 45 days of her release from custody. *Id.* Without filing a status report, Spikes instead filed a motion to extend the stay on June 29, 2026. Mot., ECF No. 82. Spikes contends that she has attempted to obtain counsel but has been unable to do so. *Id.* Spikes requests an extension of the stay due to a "reasonable excuse"—"[l]oving myself and my boys, searching for work, getting medical care, self-care, trying to further my education, preparing to travel to the east coast, and searching for a lawyer, never getting in trouble." *Id.* But Spikes fails to cite any points and authorities to support her motion. *See* Local Rule 7-2(a), (d) (requiring that any filed motion be supported by a memorandum of points and authorities, and failure to support a motion with points and authorities constitutes a consent to the denial of the motion).[1] Consequently, I deny her motion.

[1] On July 22, 2026, Spikes filed a motion for obeyance [sic], which I construe as another motion to hold this action in abeyance, or stated otherwise, to stay this action, amongst other requested relief. *See* Mot., ECF No. 86. Spikes' motion for an abeyance or stay is denied for failing to cite points and authorities in support thereof in violation of Local Rule 7-2(a). The title of that motion also suggests that Spikes seeks to proceed *in forma pauperis*. *See id.* But this request is moot as she was granted IFP status on March 31, 2025. *See* Screening order, ECF No. 23.

Spikes is also cautioned that she *must* serve all defendants in this case. Under the Federal Rules of Civil Procedure (FRCP), plaintiff has the burden to establish that she properly and timely effectuated service of process upon a defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)"). "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). Once a defendant has been served with a summons and complaint, their time to respond begins to run. However, if a defendant has not been served, then "there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)).

Spikes filed her third amended complaint on November 22, 2024. ECF No. 20. The court screened this complaint on March 31, 2025. Screening order, ECF No. 23. Therein, the court explained that service must be perfected within 90 days from the date of this order under Rule 4(m). *Id.* To date, there remains a defendant who has not been served. *See* Unexecuted summons, ECF No. 52.[2] Nonetheless, I give Spikes one final opportunity to effectuate service. Spikes must comply with FRCP 4(m) and file proof of service as to defendant Simpson no later than October 2, 2026. Failure to do so will result in dismissal of Simpson from this action without further notice.

---

[2] Defendant Alberto Tito Buencamino was served. *See* Summons, ECF No. 51; Answer, ECF No. 53.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's motion to extend the stay **[ECF No. 82]** and motion for abeyance **[ECF No. 86] are denied**. The stay in this matter is lifted.

IT IS FURTHER ORDERED that Spikes must file proof of service of the summons and complaint upon defendant Simpson no later than October 2, 2026, or Simpson will be dismissed with no further notice.

Dated: August 18, 2026

______________________________
Cristina D. Silva
United States District Judge